UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                Plaintiff,

v.                                       Case No. 17-cv-1353-pp

TONY MELI, JEREMY WESTRA,
and CAPTAIN CYNTHIA RADTKE,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 6), DEEMING MOTION FOR RESTRAINING ORDER (DKT. NO. 2) WITHDRAWN AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Joshua Howard is confined at Green Bay Correctional Institution (GBCI), and is representing himself. The plaintiff alleges that the defendants conspired to have him transferred him to GBCI to punish him for helping another inmate with his civil rights case. Dkt. No. 1. The plaintiff has paid the full filing fee. This order screens the plaintiff's complaint.[1]

1.     <u>Standard for Screening Complaints</u>

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). A court may dismiss a case, or part of it, if the claims alleged are "frivolous or

---

[1] The plaintiff filed a motion for a temporary restraining order on the same day he filed the complaint. Dkt. No. 2. On October 19, 2017, the plaintiff filed a request to withdraw the motion for temporary restraining order, and the court will grant this request. Dkt. No. 6.

1

malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of a complaint must allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, a court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, a court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id.

2

To state a claim that his civil rights were violated under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). A court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

2. Facts Alleged in the Complaint

The plaintiff was incarcerated at the Waupun Correctional Institution (WCI) when he filed the complaint, dkt. no. 1 at 1, and now is incarcerated at GBCI, dkt. no. 6. Defendant Tony Meli is the security director at WCI. Dkt. No. 1 at 2. Defendants Jeremy Westra and Cynthia Radtke are security captains at WCI. Id.

The plaintiff describes himself as an "active litigator," who has filed several lawsuits against employees of the Department of Corrections,[2] and has helped other inmates to file lawsuits. Id.

The plaintiff alleges that he has been diagnosed with "Social Anxiety Disorder with Paruresis." Id. He also alleges that, at an early age, he was

---

[2] Court records indicate that since 2014, the plaintiff has filed seven civil cases in the Eastern District of Wisconsin. He also has a *habeas corpus* case pending.

3

diagnosed with Gynephobia and that this diagnosis prevents him from using the bathroom in front of others.³ Id. at 2-3. In addition, the plaintiff states that he has an irrational fear of taking showers in view of others, even those also taking showers. Id.

The plaintiff alleges that in 2015, the defendants referred him for a transfer to the Wisconsin Secure Program Facility (WSPF) and that he was ultimately "PRC'd"⁴ to WSPF. Id. But WCI security staff withdrew the referral to WSPF based on the plaintiff's condition. Id. at 2-3. Staff determined that WSPF was not a suitable prison because the "facilities" there are "open" compared to other maximum security institutions. Id.

The plaintiff alleges that he has been assisting another inmate with a lawsuit against defendants Meli, Westra, and Radtke. Id. at 3. On June 15, 2017, the defendants answered interrogatories that the plaintiff had drafted for the inmate's case. Id. The following week, defendant Westra had the plaintiff brought to the security offices at WCI. Id. Westra asked the plaintiff about the other inmate's lawsuit and the plaintiff's relationship with the inmate. Id. Westra also said that he was considering transferring the plaintiff out of WCI. Id. The plaintiff stated that he wanted to remain there. Id.

---

³ Paruesis, not gynephobia, is inhibited urination. Stedman's Medical Dictionary, 660910 (Westlaw 2014). Gynephobia is the morbid fear of women or of the female sex. Stedman's Medical Dictionary, 388410 (Westlaw 2014).

⁴ The "PRC" is the Program Review Committee of the Wisconsin Department of Corrections. Wis. Admin. Code §DOC 302.03(12). The committee conducts periodic reviews to monitor custody classifications, institution placement and programming needs of inmates. Id. at §DOC 302.03(14).

The plaintiff alleges that in July 2017, he had his routine program review hearing, and he was placed at WCI for another year. Id. at 4. On September 26, 2017, however, the plaintiff received an emergency pass to see his social worker, who told him that "Security" had scheduled an emergency program review hearing so he could be transferred to GBCI. Id. The plaintiff wrote to the psychological services unit (PSU), informed them of the pending transfer, and asked why GBCI had not been placed in the same category as WSPF since the showers at GBCI have chest-high dividers and the inmates' upper bodies are exposed to each other. Id.

On September 29, 2017, the plaintiff had the review hearing; defendant Radtke was the security officer present there. Id. The plaintiff told the committee that he did not understand why he needed to be transferred—nothing had changed since the July hearing. Id. He objected to being transferred to GBCI given his diagnosis, and he gave the committee several pages from his PSU file to corroborate his diagnosis and to show the issues that had arisen when the 2015 transfer to WSPF had been considered. Id. The plaintiff says the committee handed the papers around the room, and he asked the committee to reschedule the hearing so that the PSU could weigh in on the proposed transfer. Id. The committee declined to reschedule the hearing and approved the transfer to GBCI, despite the plaintiff's objection. Id. The plaintiff says that he was visibly distraught when he left the hearing. Defendant Radtke escorted him to the pass officer's desk, and when the plaintiff did not say

anything, Radtke said, "well at least you will have less people asking you for help in filing lawsuits at Green Bay." Id. at 4-5.

The plaintiff alleges that defendant Radtke knew of the plaintiff's condition prior to approving the transfer. Id. at 5. He also alleges that defendants Meli and Westra knew of his condition in 2015 when the plaintiff's transfer to WSPF was rescinded. Id.

The plaintiff alleges that the defendants conspired to have him transferred to GBCI on an emergency basis for the dual purposes of (a) punishing him for prosecuting the other inmate's case and (b) impeding any further assistance he might provide due to the mental and emotional deterioration he alleges was guaranteed to follow his transfer to GBCI. Id. at 5. He asserts that such retaliation violated his rights under the First Amendment. Id.

The plaintiff seeks declaratory and injunctive relief, as well as nominal, compensatory and punitive damages. Id. at 6.

3. Discussion

To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment," "(2) he suffered a deprivation that would likely deter First Amendment activity in the future," and there was "(3) a causal connection between the two." Watkins v. Kasper, 599 F.3d 791, 794 (7th Cir. 2010) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

6

At this early stage, the court concludes that the plaintiff has asserted sufficient facts to allow him to proceed on a First Amendment retaliation claim. He has alleged that he exercised a right protected by the First Amendment—filing lawsuits for himself, and assisting other inmates to file lawsuits. He says that the defendants subjected him to a deprivation—sending him to a facility that they knew would subject him to conditions he was not psychologically equipped to handle. And he has alleged that the reason the defendants sent him to that institution was to punish him for exercising his rights, and to deter him from exercising them further.

4. Conclusion

The court **GRANTS** the plaintiff's request to withdraw motion for temporary restraining order. Dkt. No. 6.

The court **ORDERS** that the plaintiff's motion for temporary restraining order is **DEEMED WITHDRAWN**. Dkt. No. 2.

The court **ORDERS** under to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on the state defendants.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court will mail a copy of this order to the warden of Green Bay Correctional Institution.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss his case for failure to prosecute.

The parties shall notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 18th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**