UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

        Plaintiff,

v.                                  Case No. 17-cv-1353-PP

TONY MELI, JEREMY WESTRA,
and CYNTHIA RADTKE,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY ORDERS (DKT. NO. 20), DENYING PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT DEADLINES (DKT. NO. 38), DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S REQUEST TO SEAL PORTIONS OF RECORD (DKT. NO. 39)**

        The plaintiff is a Wisconsin state prisoner representing himself. On June 18, 2018, the court screened his complaint and allowed him to proceed on claims that the defendants transferred him from Waupun Correctional Institution to Green Bay Correctional Institution—a facility that they knew would subject him to conditions he was not psychologically equipped to handle—in retaliation for helping a fellow inmate with a case. Dkt. No. 8 at 7. On December 4, 2018, the court screened the proposed amended complaint and allowed the plaintiff to proceed on that pleading. Dkt. No. 15. The amended complaint states the same claims as the original complaint, but leaves out reference to the medical condition that the plaintiff feared would not be accommodated at Green Bay. Dkt. No. 16. The plaintiff has filed a motion for discovery orders, dkt. no. 20, a motion to stay summary judgment deadlines,

1

dkt. no. 38, and a motion to seal summary judgment filings, dkt. no. 39. The court addresses these motions below.

A.  **Motion for Discovery Orders (Dkt. No. 20)**

   1.  The Plaintiff's Motion

The plaintiff's motion for discovery orders asks the court for an extension of the discovery deadline, an extension of the limit on interrogatories and an order allowing him to conduct discovery of non-defendants. Dkt. No. 20 at 1.

The plaintiff requests a forty-day extension of the discovery deadline. Id. at 2. He states that he needs more time because of the delayed disclosure of a document which presented new information that requires follow-up. Id. The plaintiff says that the defendants did not provide him certain documents until the third time he asked for them, which was two weeks before the discovery deadline. Id. at 2-3. He asserts that he needs more time to follow up on new information discovered in the documents. Id. at 3.

Second, the plaintiff asks the court to expand the twenty-five interrogatory limit to allow him to submit forty interrogatories. Id. He states that the parties disagree on how to calculate the number of interrogatories the plaintiff already has submitted, and says that if the court will permit him to submit forty, he will be well within the allowed number of interrogatories by either party's interpretation. Id. According to the plaintiff, "[g]ood cause is shown by the fact that as a pro se, prisoner plaintiff, the defendants are not required to submit mandatory disclosures under Fed. R. Civ. P. Rule 26, the

plaintiff is unable to conduct depositions and there are multiple defendants in this action." Id. at 4.

Third, the plaintiff requests an order allowing him to take discovery from three non-party witnesses who had contact with the defendants concerning the abrupt withdrawal of his "WSPF [Wisconsin Secure Program Facility] transfer" in 2015. Id. He states that the information he seeks from non-party witnesses is relevant and may lead to admissible evidence and asks that the court approve the subpoenas and discovery requests he submitted along with his motion. Id. at 5.

### 2. The Defendants' Response

The defendants assert that the evidence the plaintiff seeks is not relevant to his claim. Dkt. No. 22 at 1. They say the plaintiff theorizes that he was transferred in 2017 in retaliation for helping another inmate with a lawsuit which was filed October 25, 2016. Id. According to the defendants, the plaintiff seeks discovery from non-parties to determine why the Department of Corrections chose not to transfer the plaintiff to WSPF in 2015. Id. The defendants state that there are no documents from 2015—a year before the filing of the other inmate's case—which would tend to make it more likely that the defendants transferred the plaintiff in 2017 in retaliation for the case. Id. at 1-2.

### 3. The Court's Analysis

The plaintiff's requests for an extension of the discovery deadline and to submit forty total interrogatories are reasonable. The court will grant these requests.

The court will deny the plaintiff's third request—to allow him to conduct discovery on non-party witnesses by approving the enclosed subpoenas—because the subpoenas contain interrogatories *and* requests for production of documents from non-parties. See Dkt. No. 20-1 at 5-16. Federal Rule of Civil Procedure 45 permits parties to obtain information from non-parties, but only through testimony at trial or by deposition, or through inspection and copying of documents the non-party is required to produce at trial or deposition. Rule 45 does not allow a party to serve interrogatories on a non-party. Federal Rule of Civil Procedure 33 governs the service of interrogatories and that rule permits a party to serve interrogatories only on other parties.

Along with this order, the court will provide the plaintiff with three blank subpoena forms so that he may submit revised subpoenas that comply with Rule 45.

B.  **Motion to Stay Summary Judgment (Dkt. No. 38)**

The plaintiff asks the court to stay the summary judgment briefing schedule (opening briefs were due March 22, 2019) until the court has ruled on all pending discovery motions. Dkt. No. 38. at 1. The defendants already have filed their motion for summary judgment on March 22, 2019. Dkt. No. 25. The plaintiff states that in addition to the pending discovery motion, he likely will

need to file a motion to compel but that he cannot tell the scope of the motion until the court resolves the pending motion. Dkt. No. 38 at 2.

The court will not "stay" the deadline for the plaintiff to respond to the defendants' motion for summary judgment, but it will extend his deadline to respond to it until August 15, 2019. The plaintiff may request more time if he needs it (but he needs to submit any such request *before* the August 15, 2019 deadline expires).

C.   **Motion to Seal Summary Judgment (Dkt. No. 39)**

The plaintiff has identified five documents in the record that are not central to his claim and that have the potential to prejudice him. Dkt. No. 39 at 2. The defendants request that, if the court believes that any of the documents warrant confidentiality, it seal only the five specified documents. Dkt. No. 40 at 2. The court believes that the plaintiff's interest in the confidentiality of Exhibits 1002, 1005, 1009, 1015 and 1016 warrants having them sealed. It will grant the plaintiff's motion.

D.   **Conclusion**

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion for discovery orders. Dkt. No. 20. The court **GRANTS** the plaintiff's request for an extension of the discovery deadline and **ORDERS** that the discovery deadline is **EXTENDED** until the end of the day on **Friday, July 26, 2019**. Dkt. No. 20.

The court **GRANTS** the plaintiff's request to file a total of forty interrogatories. Dkt. No. 20.

The court **DENIES** the plaintiff's request to allow discovery on non-party witnesses by approving the enclosed subpoenas. Dkt. No. 20.

The court will send the plaintiff three Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

The court **DENIES** the plaintiff's motion to stay summary judgment deadlines. Dkt. No. 38.

The court **ORDERS** that the plaintiff's response to the defendants' motion for summary judgment is due by the end of the day on **August 15, 2019**.

The court **GRANTS** the plaintiff's motion to seal. Dkt. No. 39. The court orders that the clerk's office shall restrict to viewing by only the parties and the court Dkt. Nos. 30-3 (Exh. 1002); 31-3 (Exh. 1005); 29-1 (Exh. 1009); 28-6 (Exh. 1015); and 28-7 (Exh. 1016).

Dated in Milwaukee, Wisconsin this 11th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**