UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA HOWARD,

                    Plaintiff,

v.                                               Case No. 17-cv-1353-pp

TONY MELI, JEREMY WESTRA,
and CYNTHIA RADTKE,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 78)**

---

On February 22, 2021, the court denied the plaintiff's fourth motion for an extension of time to respond to the defendants' motion for summary judgment because the plaintiff did not show good cause for seeking another extension. Dkt. No. 76 at 3-5, 17. The court granted the defendants' motion for summary judgment on the merits and dismissed the case. Id. at 5-17. The plaintiff since has filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 78. The court will deny the motion.

The plaintiff asks the court to reconsider its conclusion that he did not show good cause for another extension of time. Id. at 2-3. The plaintiff asserts that he has untreated ADD and anxiety issues that interfere with his ability to concentrate and focus. Id. at 2. He says it is hard for him to focus on one subject for any length of time "[u]nder the best of circumstances," because a stray thought or interruption completely derails him. Id. He says that if he's faced with a family issue or "one of the many controversies that come with

1

daily prison life, he has a tendency to become hyper-focused and that problem or issue can dominate his internal dialog for hours or days." Id. The plaintiff asserts that on a "very good day," he can be productive for only one to three hours, and that depends on how complicated a task he is attempting. Id. The plaintiff also says that since "receiving Covid," he has continued to experience lingering symptoms of fatigue and brain fog, which has added to his difficulties and his ability to timely accomplish in-depth projects. Id.

The plaintiff asserts that he wasn't being "duplicitous" when he did not list all of his other cases; he says he was "actually hoping" that the court would take them into consideration, but that it "felt disingenuous to use them as excuses since they were problems of his own creation." Id. He states that most of the cases the court cited had statutory deadlines that took priority over other deadlines and that "all the productively he could muster was spent on those filings." Id.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The court provided a detailed explanation for its conclusion that the plaintiff did not show good cause for a fourth motion for extension of time. Dkt. No. 76 at 3-5. The plaintiff's motion for reconsideration does not present any

2

newly discovered evidence nor does it identify any manifest error of fact or law in the court's order. If, as the plaintiff asserts, he has untreated attention deficient and anxiety issues, he should have advised the court of that fact long ago, and he should take those issues into account when he files lawsuits on his own behalf or agrees to prepare lawsuits on behalf of others.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 78.

Dated in Milwaukee, Wisconsin this 29th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**